1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESUS SOLIS ARREOLA,

11                  Petitioner,                  No. CIV S-07-0146 MCE GGH P

12          vs.

13   D.K. SISTO, et al.,

14                  Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  In 1983 petitioner was convicted of first degree murder

19   and sentenced to 25 years to life.  Petitioner challenges the April 2005 decision by the Board of

20   Parole Hearings (BPH) finding him unsuitable for parole on grounds that there was insufficient

21   evidence to support the decision.  After carefully reviewing the record, the court recommends

22   that the petition be denied.

23   II.  Anti-Terrorism and Effective Death Penalty Act (AEDPA)

24          The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this

25   petition for habeas corpus which was filed after the AEDPA became effective.  Neelley v. Nagle,

26   138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997).  The

1  AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential

2  standards of review to be used by a federal habeas court in assessing a state court's adjudication

3  of a criminal defendant's claims of constitutional error.  Moore v. Calderon, 108 F.3d 261, 263

4  (9th Cir. 1997).

5  In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme

6  Court defined the operative review standard set forth in § 2254(d).  Justice O'Connor's opinion

7  for Section II of the opinion constitutes the majority opinion of the court.  There is a dichotomy

8  between "contrary to" clearly established law as enunciated by the Supreme Court, and an

9  "unreasonable application of" that law.  Id. at 1519.  "Contrary to" clearly established law applies

10  to two situations:  (1) where the state court legal conclusion is opposite that of the Supreme

11  Court on a point of law, or (2) if the state court case is materially indistinguishable from a

12  Supreme Court case, i.e., on point factually, yet the legal result is opposite.

13  "Unreasonable application" of established law, on the other hand, applies to

14  mixed questions of law and fact, that is, the application of law to fact where there are no factually

15  on point Supreme Court cases which mandate the result for the precise factual scenario at issue.

16  Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000).  It is this prong of the

17  AEDPA standard of review which directs deference to be paid to state court decisions.  While the

18  deference is not blindly automatic, "the most important point is that an *unreasonable* application

19  of federal law is different from an incorrect application of law....[A] federal habeas court may not

20  issue the writ simply because that court concludes in its independent judgment that the relevant

21  state-court decision applied clearly established federal law erroneously or incorrectly.  Rather,

22  that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at

23  1522 (emphasis in original).  The habeas corpus petitioner bears the burden of demonstrating the

24  objectively unreasonable nature of the state court decision in light of controlling Supreme Court

25  authority.  Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

26  /////

1    The state courts need not have cited to federal authority, or even have indicated

2    awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 123 S.

3    Ct. 362 (2002).  Nevertheless, the state decision cannot be rejected unless the decision itself is

4    contrary to, or an unreasonable application of, established Supreme Court authority.  Id.  An

5    unreasonable error is one in excess of even a reviewing court's perception that "clear error" has

6    occurred.  Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003).  Moreover, the

7    established Supreme Court authority reviewed must be a pronouncement on constitutional

8    principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules

9    binding only on federal courts.  Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

10    However, where the state courts have not addressed the constitutional issue in

11    dispute in any reasoned opinion, the federal court will independently review the record in

12    adjudication of that issue.  "Independent review of the record is not de novo review of the

13    constitutional issue, but rather, the only method by which we can determine whether a silent state

14    court decision is objectively unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.

15    2003).

16    Petitioner filed a habeas corpus petition in the Fresno County Superior Court

17    raising the claim brought in the instant petition.  On November 3, 2005, the Superior Court

18    issued a reasoned decision denying the petition.  Answer, Exhibit 6.  The California Court of

19    Appeal and California Supreme Court summarily denied petitioner's state habeas petitions.  Id.,

20    Exhibits 7, 8.  Accordingly, the court considers whether the denial of the claim by the Superior

21    Court was an unreasonable application of clearly established Supreme Court authority.

22    Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (when reviewing a state

23    court's summary denial of a claim, the court "looks through" the summary disposition to the last

24    reasoned decision).

25    /////

26    /////

1   III.  Discussion

2          The BPH relied on unchanging factors related to the commitment offense to find

3   petitioner unsuitable for parole.  Answer, Exhibit 3, pp. 34-35.  In particular, the BPH found that

4   the offense was carried out in a calculated manner, such as an execution style murder, the victim

5   was abused, petitioner's motive was trivial and the offense was carried out in a manner that

6   demonstrated a callous disregard for human suffering.  Petitioner argues that the BPH's reliance

7   on these unchanging factors to find him unsuitable violated his right to due process.  Petitioner

8   also argues that there was insufficient evidence to support the BPH's decision finding him

9   unsuitable based on his post-conviction conduct.

10          Due process requires that the BPH's decision finding a prisoner unsuitable for

11   parole must be supported by "some evidence."  Sass v. California Bd. of Prison Terms, 461 F.3d

12   1123, 1128 (2006).  In an order filed June 1, 2007, in Bulpitt v. Mendoza-Powers, et al., CIV S-

13   06-0566 MCE GGH P, Judge England considered the BPH's reliance on unchanging factors, as

14   in the instant case, to find a prisoner unsuitable for parole.  Judge England found that a state

15   court decision upholding the BPH's use of immutable evidence, such as the circumstances of the

16   offense, to support a denial of parole is not an unreasonable application of the "some evidence"

17   standard.  CIV S-06-0566 MCE GGH P, June 1, 2007, order, p. 4: 16-18.  Judge England found

18   that as the Ninth Circuit Court of Appeals stated in Sass, supra, and recently reiterated in Irons v.

19   Carey, 479 F.3d 658 (9th Cir. 2007), a finding of unsuitability based on immutable factors that

20   occurred decades ago when all other factors point to suitability is sufficient to constitute "some

21   evidence" on which the petitioner can be found unsuitable for parole.  Id. [1]

22   _____

23          [1] Of course, the conclusion regarding the unchangeable factors must be reasonable.
     However, unless the conclusion is based on fabricated facts, or is otherwise irrational under the
     accepted facts, the conclusion will be "reasonable."  Here, there is not any doubt from the facts,
24   Exhibit 3 at pp. 10-14 (detailing the killing) that the murder was execution style (victim found
     with seven bullet holes in his back, with evidence suggesting that petitioner had straddled victim
25   while shooting him in the back), the offense demonstrated a callous disregard for human
     suffering, and the motive was inexplicable or trivial (petitioner had no explanation for the
26   killing).  The BPH found that the victim was abused based on the fact that he was shot in the

1    Pursuant to Judge England's order in <u>Bulpitt</u>, <u>supra</u>, the court finds that the

2  Superior Court's decision that sufficient evidence supported the BPH's 2005 decision finding

3  petitioner unsuitable for parole was not an unreasonable application of clearly established

4  Supreme Court authority.  For the reasons discussed above, the court need not consider the

5  factors regarding petitioner's post-commitment conduct.

6    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

7  a writ of habeas corpus be denied.

8    These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within ten days after service of the objections.  The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the District

15  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16  DATED: 10/15/07

17                    /s/ Gregory G. Hollows

18                    _____
                      UNITED STATES MAGISTRATE JUDGE

19

20

21  arr146.157

22

23  _____

24  back several times.  Cal. Code Regs. tit. 15, § 2402(c)(1)(C) provides that a factor tending to
    show unsuitability for parole is if the victim was abused, defiled or mutilated during or after the
    offense.  One could argue that the victim in this case was shot in the back does not support a

25  finding that he was abused, defiled or mutilated during the offense.  However, because the other
    unchanging factors regarding the commitment offense were supported by "some evidence," the

26  fact that this factor may not does not alter this courts findings.

5